```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MANDI MARCELLO PARRY,

                             Plaintiff,
                                                        DECISION AND ORDER
          -against-                                     12-CV-1666 (ADS) (GRB)

ST. CATHERINE OF SIENA MEDICAL CENTER and
BRIAN PETTIT as aider and abettor,

                             Defendants.
----------------------------------------------------------------------X
```

**APPEARANCES:**

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiff*
4875 Sunrise Highway
Suite 300
Bohemia, NY 11716
   By: Saul D. Zabell, Esq., Of Counsel

**Putney, Twombly, Hall & Hirson LLP**
*Attorneys for the Defendant St. Catherine of Siena Medical Center*
521 Fifth Avenue
New York, NY 10175
   By: Mary Ellen Donnelly, Esq.
      Valerie J. Bluth, Esq., Of Counsel

**NO APPEARANCES:**

*The Defendant Brian Pettit*

**Spatt, J.**

On April 4, 2012, the Plaintiff Mandi Marcello Parry (the "Plaintiff"), a former registered nurse for the Defendant St. Catherine of Siena Medical Center (the "Hospital"), commenced the instant action, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law § 296. In addition to her former employer, the Plaintiff also names a former colleague, Brian Pettit ("Brian" or "Pettit"), in his individual capacity as an aider and abettor.

On July 26, 2012, the Plaintiff served the summons and complaint upon Pettit by delivering a true copy of each to "John Doe," a person of suitable age and discretion, at 7 Marquette Drive, Smithtown, NY 11787. On July 27, 2012, the Plaintiff mailed the same to this address in a First Class envelope, addressed and marked "Personal and Confidential." Although Pettit was apparently required to answer or otherwise respond by August 16, 2012, he failed to do so.

On September 26, 2012, the Plaintiff moved pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to note the default of Pettit. On September 26, 2012, the Clerk of the Court noted the default of Pettit.

On December 21, 2012, the Plaintiff moved pursuant to Fed. R. Civ. P. Rule 55(b)(2) for a default judgment against Pettit and for the Court to schedule an inquest to determine the amount of damages, if any, owed to the Plaintiff by Pettit.

On January 5, 2013, this Court referred the motion for a default judgment to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On June 12, 2013, the parties, including Pettit, attended a status conference before Judge Brown. Judge Brown took testimony and exhibits regarding service of process. Upon completion of testimony demonstrating that Pettit did not reside at the subject address during the relevant time frame, the Plaintiff voluntarily withdrew the motion for a default judgment. Further, Judge Brown vacated the underlying default.

On June 18, 2013, the Plaintiff requested that (1) this Court extend the one hundred and twenty day (120) period for completion of service of process upon Pettit and (2) leave to file an amended complaint because the original pleading misspelled Pettit's last name.

On October 19, 2013, this Court granted both requests, and, of relevance here, directed the Plaintiff to effectuate service on Pettit within 60 days of the date of that order.

On October 24, 2013, the Plaintiff filed her amended complaint.

On December 19, 2013, the Plaintiff's counsel attempted to personally serve Pettit at 195 New York Avenue, Smithtown, New York 11787 (the "Smithtown address"). In his affidavit, the Plaintiff's counsel avers that "[a]lthough the residents of this address were present at the time of service, they refused to answer after peering through the window and, as a consequence, [counsel] left a copy of the Summons, Amended Complaint and Civil Cover Sheet at th[at] address." (Zabell Affid.)

On December 19, 2013, the Plaintiff requested an additional fourteen days to effectuate personal service on Pettit at the Smithtown address.

On December 20, 2013, the Court granted the Plaintiff's request and indicated that this would be the final extension of time to effectuate service on Pettit.

On December 23, 2013, Clerk of the Court issued an amended summons as to Pettit.

On December 30, 2013, the Plaintiff conducted a Department of Motor Vehicles ("DMV") records search, which indicated that, as of that date, Pettit's mailing address was the Smithtown address.

According to the process server's affidavit, he attempted personal service at the Smithtown address on four separate occasions between December 28, 2013 and December 31, 2013.

On January 2, 2014, the process server again attempted to personally serve Pettit at the Smithtown address. Unable to effectuate personal service on Pettit or a person of suitable age or discretion, the process server affixed true and accurate copies of the amended complaint and a civil coversheet to the door of the Smithtown address. The parties dispute whether the process server also affixed the summons, or the amended summons. The process server subsequently mailed a copy of said documents in a First Class envelope, addressed and marked "Personal and Confidential" to the Smithtown address.

On January 22, 2014, Pettit moved by letter motion to dismiss the complaint against him for lack of personal jurisdiction, and in the alternative, for appointment of counsel. In support of that motion, Pettit submitted an affidavit of his mother, Jane Pettit, a resident at the Smithtown address.

3

Jane Pettit attests that, if the process server came to that address on the four occasions between December 28, 2013 and December 31, 2013 and, also on January 2, 2014, he never rang the bell or knocked on the door. Jane Pettit also states that (1) the process server never inquired about Brian's whereabouts; (2) Brian has not lived at that residence since November 11, 2013 when he moved in with his girlfriend in Amityville; and (3) she never received an envelope containing legal papers at that residence addressed to Brian since January 2, 2014.

The Plaintiff opposed the letter motion, attaching her process server's affidavit; a DMV form verifying the Plaintiff's mailing address at the Smithtown address; and Zabell's affidavit. Pettit submitted a reply.

As an initial matter, the Court notes that Pettit's letter motion violates the Individual Motion Practices of this Court, which prohibit letter motions. Individual Mot. Practices of Judge Arthur Spatt Rule IV(B) ("No letter motions will be accepted."). "Nonetheless, the Court has discretion to consider documents filed in violation of procedural rules." 82-11 Queens Blvd. Realty, Corp. v. Sunoco, Inc. (R & M), 951 F. Supp. 2d 376, 380 (E.D.N.Y. 2013)(Spatt, J.). Although *pro se* litigants are "required to inform themselves regarding procedural rules and to comply with them," Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008) (quoting Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)), "a pro se litigant is held to a lesser standard in terms of satisfying procedural rules." Ward v. Ramkalawan, CV 11-4295 (JS)(ARL), 2013 WL 1149108, at *2 (E.D.N.Y. Feb. 11, 2013)(quotation marks and citation omitted), report and recommendation adopted, 11-CV-4295 (JS)(ARL), 2013 WL 1149068 (E.D.N.Y. Mar. 19, 2013). Given Pettit's *pro se* status and that fact that both parties had an opportunity to be heard on Pettit's letter motion, the Court deems a formal motion unnecessary and considers Pettit's letter motion despite this procedural violation.

Turning to the merits of this letter motion, Federal Rule of Civil Procedure 4(e)(1) allows service to be made in accordance with the service rules of the state where the district is located or service is made. Here, the Plaintiff apparently attempted service pursuant to New York Civil Practice

4

Law and Rules ("CPLR") 308(4), which provides for "for service upon an individual by affixing the summons to the door of the place of the defendant's residence, then, within twenty days, mailing the summons to the defendant at that residence by first class mail." Double Green Produce, Inc. v. Zhen Zhen Mkt. Inc., 12-CV-1685 (MKB), 2013 WL 3893332, at *2 (E.D.N.Y. July 26, 2013).

Further, the Plaintiff bears the burden of making a *prima facie* showing that the Court has personal jurisdiction over each defendant. In re Magnetic Audiotape Antitrust Litis., 334 F.3d 204, 206 (2d Cir. 2003) ("On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant."); Metro. Life Ins. Co. v. Robertson Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction," and the Court must "credit a plaintiff's averments of jurisdictional facts as true." Metro. Life., 84 F.3d at 566; see also In re Terrorist Attacks on Sept. 11, 2001, 718 F. Supp. 2d 456, 468 (S.D.N.Y. 2010) ("Where no evidentiary hearing has been held, nor have the parties engaged in jurisdictional discovery, plaintiffs prima facie showing may be established solely on the basis of legally sufficient allegations of jurisdiction.").

Pettit first argues that service was not proper because it did not occur at his residence at 15 Harrison Avenue, Amityville, NY 11701. However, "[s]ince [Pettit] failed to notify the DMV of his change of residence, as required by Vehicle and Traffic Law § 505(5), he was estopped from raising a claim of defective service [on this basis]." Canelas v. Flores, 112 A.D.3d 871, 977 N.Y.S.2d 362, 363 (2d Dep't 2013).

Pettit next argues that the Plaintiff failed to properly perform "nail and mail" service under CPLR § 308(4) because nobody at the Smithtown address received a mailed copy of the amended summons and amended complaint. This argument is without merit. "Under the C.P.L.R., the 'nail and mail' method requires two services: (1) affixation of the summons and complaint to the defendant's door, and (2) mailing of the summons and complaint." Kondaur Capital Corp. v. Cajuste, 849 F. Supp.

2d 363, 367-68 (E.D.N.Y. 2012)(emphasis added). Thus, even if Pettit never actually received this mailing, the Plaintiff has nonetheless demonstrated compliance with the provisions of Section 308(4).

Pettit further contends that, without a postal guarantee, i.e. a certificate of first class mailing obtained from the Post Office, there can be no proof that the mailing step was actually effectuated, and thus, the Plaintiff cannot show proper service. This argument fails, as there is no requirement under Section 308(4) that a postal guarantee be submitted to the Court as proof of mailing; an affidavit of service is sufficient. See Waite v. Coombe, 247 A.D.2d 663, 664, 668 N.Y.S.2d 767, 769 (3d Dep't 1998) (finding that service of process pursuant to Section 308(2) was void only because the record was devoid of an affidavit of mailing).

Finally, Pettit contends that service was insufficient because the summons he ultimately received was not labeled "amended." A process server's affidavit of service creates a presumption of proper service, which can be rebutted by a sworn denial of service by defendant. See De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013). No evidentiary hearing is required upon a defendant's denial of service if the defendant "'fails to swear to specific facts to rebut the statements in the process server's affidavits.'" Id. (citation omitted); cf. Davis v. Musler, 713 F.2d 907 (2d Cir. 1983) (holding that the district court abused its discretion by failing to hold an evidentiary hearing to resolve the issue of whether service had been effected in light of the directly conflicting affidavits submitted by the process server and by the defendants).

Here, Pettit states by letter, rather than a sworn statement, that service was improper because the wrong summons was left at the Smithtown address. Therefore, as Pettit failed to swear to specific facts to rebut the process server's affidavit, no evidentiary hearing is required.

Even if the affidavit by Pettit's mother, a non-party, were construed to dispute service of process on this ground, that would be insufficient. Simonds v. Grobman, 277 A.D.2d 369, 716 N.Y.S.2d 692, 693 (2d Dep't 2000)("The affidavit of nonparty Frank Grobman was insufficient to raise a triable issue of fact, and the Supreme Court properly granted the plaintiffs' cross motion to

6

strike the defense of lack of personal jurisdiction without a hearing."); Walkes v. Benoit, 257 A.D.2d 508, 684 N.Y.S.2d 533, 534 (1st Dep't 1999) (holding that an affidavit by a nonparty about defendant's practice of forwarding official documents to that nonparty was insufficient to warrant a traverse hearing because the nonparty lacked personal knowledge about whether defendant was personally served).

Accordingly, the Court denies Pettit's letter motion to dismiss the complaint against him for lack of personal jurisdiction. To the extent Pettit alternatively seeks appointment of counsel, Pettit's request is denied with leave to renew upon completion of discovery as to him.

**SO ORDERED.**

Dated: Central Islip, New York
February 15, 2014

                                              _*Arthur D. Spatt*_
                                              ARTHUR D. SPATT
                                              United States District Judge